UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

AMBIORIX CELEDONIO

               Plaintiff,                          **Complaint: 16-1736**

v.                                     **<u>JURY DEMAND AS TO ALL COUNTS</u>**

CITY OF NEW YORK; CAPTAIN MEDZID
KOLENOVIC, Individually and in his Official
Capacity; CORRECTION OFFICER JEAN
DESTINE, Individually and in his Official Capacity;
CORRECTION OFFICER "JOHN DOE,"
Individually and in his Official Capacity;
CORRECTION OFFICER "JANE DOE 1"
Individually and in her Official Capacity and
CORRECTION OFFICER "JANE DOE 2",
Individually and in her Official Capacity.

               Defendants.

---------------------------------------------------------X


Comes now the Plaintiff, AMBIORIX CELEDONIO by his attorneys, THE LAW OFFICES OF
CHRISTIAN B. LASSITER, ESQUIRE, P.L.L.C., complaining of the defendants, respectfully
allege as follows:


<u>PRELIMINARY STATEMENT</u>

      1.      Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States of America.

<u>JURISDICTION</u>

      2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the

Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. § 1331, 1343, 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that all conduct giving rise to the instant claim(s) arose in this District.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. R. 38(b)

## PARTIES

6.      Plaintiff AMBIORIX CELEDONIO is a mentally disabled Latino male and has been at all relevant times a resident of the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. Defendant, THE CITY OF NEW YORK is being sued in its municipal capacity under 42 U.S.C. § 1983, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny.  At all relevant times, one or more city officials with final policy-making authority had knowledge of and authorized, approved, and/or acquiesced in the unconstitutional conduct alleged in this case.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Department of Corrections ("DOC"), a duly authorized public authority responsible for the custody, control, and care of New York City's imprisoned population; either accused of crimes or convicted and sentenced to less than one year of incarceration.  DOC is authorized to perform duties under Title 39 of the Rules of the City of New York ("R.C.N.Y.")

9.      At all times hereinafter mentioned, the individually named defendants CAPTAIN MEDZID KOLENOVIC, CORRECTION OFFICER JEAN DESTINE, CORRECTION

OFFICER "JOHN DOE," CORRECTION OFFICER "JANE DOE 1" and CORRECTION

OFFICER "JANE DOE 2" were duly sworn correction officers of DOC and were acting under

the supervision of, and according to, their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through

their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages, and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant THE CITY OF NEW

YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting in furtherance of their employment by defendant THE CITY OF NEW

YORK.

## FACTS

13.     On or about December 9, 2014 at approximately 12:05 p.m., plaintiff AMBIORIX

CELEDONIO was an inmate at Robert N. Davorean Complex ("RNDC") in Rikers Island,

located in Bronx County in the City and State of New York.

14.     At the aforesaid time and place, plaintiff CELEDONIO was located in the

cafeteria, specifically "Mod 2 Mess Hall," at RNDC eating lunch according to the designated

schedule set by DOC.

15.     The cafeteria in RNDC, specifically "Mod 2 Mess Hall" is under constant security

video surveillance.

16.     At the aforesaid time and place, plaintiff CELEDONIO was conversing with other

inmates seated in the cafeteria when he was approached by defendant KOLENOVIC.

17.     At the aforesaid time and place, defendant KOLENOVIC was the acting supervisor on duty inside the cafeteria, specifically "Mod 2 Mess Hall."

18.     Plaintiff CELEDONIO had been previously harassed by defendant KOLENOVIC on at least three prior occasions at RNDC, while defendant KOLENOVIC was acting within the scope of his employment by defendant CITY OF NEW YORK.

19.     At the aforesaid time and place, defendant KOLENOVIC began to verbally insult plaintiff CELEDONIO and his family, specifically plaintiff CELEDONIO'S terminally ill mother, from across the cafeteria while in the presence of other correction officers, RNDC staff, and inmates causing plaintiff CELEDONIO extreme emotional stress, embarrassment, and humiliation.

20.     Plaintiff CELEDONIO responded to defendant KOLENOVIC and asked defendant KOLENOVIC to cease speaking about plaintiff CELEDONIO'S mother in a derogatory manner.

21.     Defendant KOLENOVIC invited plaintiff CELEDONIO to physically fight and ordered plaintiff CELEDONIO into an empty adjacent storage room without any security video surveillance.

22.     Plaintiff CELEDONIO acquiesced to the authority of defendant KOLENOVIC and followed defendant KOLENOVIC into the storage room adjacent to the cafeteria pursuant to the orders of defendant KOLENOVIC.

23.     Upon entering the adjacent storage room, defendant KOLENOVIC closed the door and immediately maced plaintiff CELEDONIO about the eyes and face for an extended period of time causing plaintiff CELEDONIO to attempt to shield his face to the best of his ability.

24.     Seconds after shielding his face, plaintiff CELEDONIO was kicked directly in the forehead by defendant KOLENOVIC, he fell to the floor and was assaulted about his face and body with multiple punches and kicks by defendant KOLENOVIC.  The door to the storage room was closed and plaintiff CELEDONIO was unable to leave due to his inability to see after being maced, and the constant kicking and punching by defendant KOLENOVIC.

25.     While plaintiff CELEDONIO was being assaulted by defendant KOLENOVIC, defendant DESTINE entered the storage room and began to assault plaintiff CELEDONIO with defendant KOLENOVIC by punching and kicking plaintiff CELEDONIO about his body and face.

26.     Throughout the duration of the kicking and punching by defendant KOLENOVIC and defendant DESTINE, plaintiff CELEDONIO remained on the ground of the storage room as he attempted to shield his body from the aforesaid kicks and punches by curling his body into fetal position while covering a substantial portion of his face.

27.     Plaintiff CELEDONIO was unable to leave the storage room due to the constant kicking and punching by defendant KOLENOVIC and defendant DESTINE and his inability to see after being maced.

28.     At no time during the aforesaid incident did Plaintiff CELEDONIO assault, batter, any person, resist any acts to restrain his movement by defendant KOLENOVIC and defendant DESTINE, or recklessly engage in conduct which created a substantial risk of serious physical injury to any other person.

29.     Defendants "JANE DOE 1" and "JANE DOE 2" were present inside the cafeteria, specifically "Mod 2 Mess Hall", when defendant KOLENOVIC verbally insulted plaintiff CELEDONIO and his family.

30.     Defendants "JANE DOE 1" and "JANE DOE 2" were present inside the cafeteria, specifically "Mod 2 Mess Hall", when Defendant KOLENOVIC invited plaintiff CELEDONIO to physically fight and ordered plaintiff CELEDONIO into an empty adjacent storage room without any security video surveillance.

31.     Defendants "JANE DOE 1" and "JANE DOE 2" were present inside the cafeteria, specifically "Mod 2 Mess Hall", when plaintiff CELEDONIO, defendant KOLENOVIC and defendant DESTINE entered the storage room.

32.     Defendants "JANE DOE 1" and "JANE DOE 2" were present inside the cafeteria, specifically "Mod 2 Mess Hall", and was within close proximity to the storage room throughout the duration of the aforesaid kicking, punching, and macing of plaintiff CELEDONIO by defendant KOLENOVIC and defendant DESTINE, but took no affirmative steps to intervene or prevent the aforementioned assault of plaintiff CELEDONIO.

33.      Plaintiff CELEDONIO was subsequently picked up off the floor by defendant KOLENOVIC with both of plaintiff CELEDONIO'S arms being forcibly restrained behind his back in the same positioning as if handcuffed.

34.     Plaintiff CELEDONIO was forcibly led out of the storage room after he was kicked, punched, and maced by defendant KOLENOVIC and defendant DESTINE, pushed by his arms through the cafeteria in the presence of other RNDC staff and inmates to the "bubble" or closest control center.

35.     Plaintiff CELEDONIO is visibly bleeding, bruised, complaining of significant pain, and very reasonably in need of immediate medical attention.

36.     Defendant KOLENOVIC, defendant DESTINE, defendant "JANE DOE 1" and defendant 'JANE DOE 2" do not offer plaintiff CELEDONIO medical attention at this point despite his visible bleeding, pain, injuries and requests.

37.     Plaintiff CELEDONIO is forcibly and unlawfully held with his arms behind his back while defendant KOLENOVIC calls for "Pro Team Security" or security team to immediately report to the area or "bubble".

38.     Upon reporting to the area as part of the "Pro Team Security" per the request of defendant KOLENOVIC, defendant "JOHN DOE" immediately punches plaintiff CELEDONIO in the mouth despite plaintiff CELEDONIO being restrained, not physically resisting defendant KOLENOVIC, defendant DESTINE, defendant "JOHN DOE", defendant "JANE DOE 1" or defendant "JANE DOE 2" and showing visible and active bleeding, bruising, pain and injuries.

39.     Plaintiff CELEDONIO was never administered any aide or assistance specific to his being maced by defendants KOLENOVIC, DESTINE, "JOHN DOE", "JANE DOE 1", or "JANE DOE 2," despite DOC training and protocol mandating such aide and assistance.

40.     Plaintiff CELEDONIO is then handcuffed by defendant "JOHN DOE" and placed in a holding cell despite plaintiff CELEDONIO suffering active bleeding from his face and body, bruising about his face and body, recently having been maced at close distance in a small contained area, and complaining of substantial pain.

41.     Plaintiff CELEDONIO was taken from the holding cell to the medical clinic located at RNDC to receive medical attention for the injuries he sustained as a result of the multiple assaults by defendant KOLENOVIC, defendant DESTINE, and defendant "JOHN DOE".

42.     Upon seeing plaintiff CELEDONIO, he was immediately ordered by medical staff at RNDC to be rushed to Elmhurst Hospital located at 79-01 Broadway, Queens, New York to properly examine the extent of the injuries plaintiff CELEDONIO sustained.

43.     Plaintiff CELEDONIO required a CAT scan and several follow up visits to determine the extent of the head injury he sustained as a result of the multiple assaults by defendant KOLENOVIC, defendant DESTINE, and defendant "JOHN DOE".

44.     At no point did defendant KOLENOVIC, defendant DESTINE, defendant "JOHN DOE", defendant "JANE DOE 1" or defendant "JANE DOE 2" possess the particularized suspicion that would lead a reasonable officer to believe plaintiff CELEDONIO posed a threat to the physical safety of anyone present at the aforesaid time and place.

45.     In connection with plaintiff CELEDONIO'S assault, defendant KOLENOVIC and defendant DESTINE filled out false and misleading reports accusing plaintiff CELEDONIO of being the aggressor, that any force was in response to plaintiff CELEDONIO'S actions.

46.     Additionally, defendant KOLENOVIC falsified documents he subsequently filed for Workers Compensation benefits by reporting injuries he did not sustain at the aforesaid time and place.

47.     As a result of the foregoing, plaintiff CELEDONIO sustained, *inter alia*, significant physical injury requiring medical attention, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional and human rights.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE CONSTITUTION AND 42 U.S.C. § 1983 THE EXCESSIVE USE OF FORCE**
**(Defendant KOLENOVIC)**

48.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs [1 - 48] of this complaint, as though fully set forth herein.

49.      Defendant KOLENOVIC had the legal duty to use only the amount and degree of force in dealing with an inmate as was reasonable under the circumstances, for the proper and efficient supervision and control of such person, if necessary, to not use any force where not warranted, and to not use force gratuitously and unnecessarily.

50.     On the 9th day of December, 2014, at approximately 12:05 p.m. at RNDC, located in the County of the Bronx, City and State of New York, defendant KOLENOVIC, without just cause or provocation and in violation of proper and appropriate correctional officer conduct, and with maliciousness and violence, used unnecessary and excessive force that was objectively unreasonable in this correctional officer-inmate encounter with Plaintiff CELEDONIO, thereby violating Plaintiff CELEDONIO's Constitutional rights.

51.     As a result of the aforementioned conduct of defendant KOLENOVIC, plaintiff CELEDONIO was subjected to unnecessary and excessive force and sustained physical injuries to his face, back, arms, stomach and entire body and suffered great physical damage and pain, as well as emotional and psychological injuries and was otherwise harmed, damaged, and injured.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO THE FOURTH AND**
**FOURTEENTH AMENDMENTS TO THE UNITED STATE CONSTITUTION AND 42**
**U.S.C. § 1983 THE EXCESSIVE USE OF FORCE**
**(Defendant DESTINE)**

52.     Plaintiff CELEDONIO repeats, reiterates and realleges the allegations contained in paragraphs [1 – 51] of this complaint, as though fully set forth herein.

53.     Defendant DESTINE had the legal duty to use only the amount and degree of force in dealing with an inmate as was reasonable under the circumstances, for the proper and efficient supervision and control of such person, if necessary, and to not use any force where not warranted and to not use force gratuitously and unnecessarily.

54.     On the 9th day of December, 2014, at approximately 12:05 p.m. at RNDC located in the County of the Bronx, and State of New York, defendant DESTINE, without just cause or provocation and in violation of proper and appropriate correctional officer conduct, and with maliciousness and violence, used unnecessary and excessive force that was objectively unreasonable in this correctional officer-inmate encounter with plaintiff CELEDONIO, thereby violating plaintiff CELEDONIO's Constitutional rights.

55.     As a result of the aforementioned conduct of defendant DESTINE, plaintiff CELEDONIO was subjected to unnecessary and excessive force and sustained physical injuries to his face, back, arms, stomach and entire body and suffered great physical damage and pain, as well as emotional and psychological injuries and was otherwise harmed, damaged, and injured.

### THIRD CAUSE OF ACTION
### VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE CONSTITUTION AND 42 U.S.C. § 1983 THE EXCESSIVE USE OF FORCE
### (Defendant JOHN DOE)

56.     Plaintiff CELEDONIO repeats, reiterates and realleges the allegations contained in paragraphs [1 – 55] of this complaint, as though fully set forth herein.

57.     Defendant Correctional Officer "JOHN DOE" had the legal duty to use only the amount and degree of force in dealing with an inmate as was reasonable under the circumstances,

for the proper and efficient supervision and control of such person, if necessary, and to not use any force where not warranted and to not use force gratuitously and unnecessarily.

58.    On the 9th day of December, 2014, at approximately 12:05 p.m. at RNDC located in the County of the Bronx, and State of New York, defendant "JOHN DOE", without just cause or provocation and in violation of proper and appropriate correctional officer conduct, and with maliciousness and violence, used unnecessary and excessive force that was objectively unreasonable in this correctional officer-inmate encounter with plaintiff CELEDONIO, thereby violating plaintiff CELEDONIO's Constitutional rights.

59.    As a result of the aforementioned conduct of defendant "JOHN DOE", plaintiff CELEDONIO was subjected to unnecessary and excessive force and sustained physical injuries to his face and suffered great physical damage and pain, as well as emotional and psychological injuries and was otherwise harmed, damaged, and injured.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 FAILURE TO INTERCEDE TO PREVENT THE EXCESSIVE USE OF FORCE**
**(Defendants JANE DOE 1 and JANE DOE 2)**

60.    Plaintiff CELEDONIO repeats, reiterates and realleges the allegations contained in paragraphs [1 – 59] of this complaint, as though fully set forth herein.

61.    On the 9th day of December 2014, defendants "JANE DOE 1" and "JANE DOE 2," who did not directly assault, batter and use unnecessary and excessive force against plaintiff CELEDONIO, had the opportunity to intercede on behalf of plaintiff CELEDONIO to prevent Defendants KOLENOVIC AND DESTINE from using unnecessary and excessive force in

violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and

42 U.S.C. § 1983, but failed to do so in violation of their due process duty to intervene.

62.    Defendants "JANE DOE 1" and "JANE DOE 2" who did not directly use

unnecessary and excessive force against plaintiff CELEDONIO had an affirmative duty to

enforce the law and preserve the peace, including by stopping other correction officers from

violating the law.  Their failure to do so makes them liable for the constitutional violations of the

Fourth and Fourteenth Amendments of the United States Constitution.

63.    As a result of the aforementioned conduct of defendants "JANE DOE 1" and

"JANE DOE 2," plaintiff CELEDONIO was subjected to unnecessary and excessive force by

defendant KOLENOVIC and defendant DESTINE and sustained physical injuries to his face,

back, arms, stomach and entire body and suffered great physical damage and pain, as well as

emotional and psychological injuries and was otherwise harmed, damaged, and injured.

## FIFTH CAUSE OF ACTION
## DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS
## UNDER 42 U.S.C. § 1983
## Defendants KOLENOVIC, DESTINE, "JOHN DOE," "JANE DOE 1," AND "JANE DOE 2"

64.     Plaintiff CELEDONIO repeats, reiterates and realleges each and every allegation

contained in paragraphs numbered [1 – 53] with the same force and effect as if fully set forth

herein.

65.    Defendants knew that plaintiff CELEDONIO had sustained severe and serious

injuries which required treatment.

66.    Notwithstanding this knowledge, Defendants refused to take plaintiff

CELEDONIO to the hospital in a timely fashion, refused to follow strict DOC procedures and

protocols regarding maced priosners, and refused to ensure that plaintiff CELEDONIO received proper treatment.

67.     In so doing, Defendants exhibited a deliberate indifference to the health, safety, welfare and medical needs of plaintiff CELEDONIO, in violation of plaintiff CELEDONIO's constitutional rights as secured by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

68.     As a result of Defendants' deliberate indifference to the medical needs of plaintiff CELEDONIO, plaintiff CELEDONIO suffered severe and permanent injuries.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO THE FOURTH AND**
**FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42**
**U.S.C. § 1983**
**(Defendant CITY OF NEW YORK)**

69.     Plaintiff CELEDONIO repeats, reiterates and realleges the allegations contained in paragraphs [1 – 68] of this complaint, as though fully set forth herein.

70.     At all times material to this complaint, defendant CITY OF NEW YORK, acting through its Department of Corrections, the New York City Department of Corrections, had in effect *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers and captain.

71.     The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs [1 – 63] deprived plaintiff CELEDONIO of his rights, privileges and immunities under the laws and Constitution of the United States secured to plaintiff CELEDONIO by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.  Plaintiff CELEDONIO was deprived of his right to be free from unnecessary and excessive use of force.

72.     At all times material to this complaint, the defendant CITY OF NEW YORK,

acting through the New York City Department of Corrections, had in effect *de facto* policies,

practices, customs and usages that were a direct and proximate cause of the unconstitutional

conduct of defendant correction officers.  Defendant CITY OF NEW YORK, as a matter of

policy and practice, has with deliberate indifference failed to adequately discipline, train or

otherwise direct correction officers, including the defendant correction officers, with regard to

the rights of inmates, thereby causing the defendant officers in this case to engage in the

unlawful conduct described above.

73.     Defendant CITY OF NEW YORK, in its policies and practices, has with

deliberate indifference, failed to follow procedures for supervising and removing, when

appropriate, unstable, malicious, violent, abusive, dishonest and biased correction officers from

their duties.

74.     Defendant CITY OF NEW YORK, and the New York City Department of

Corrections, knew or should have known that prior to December 9, 2014, the use of unnecessary

and excessive force and other malicious, and inappropriate unlawful acts by defendant officers

were occurring, but defendant CITY OF NEW YORK, failed to take appropriate steps to

discipline or seriously punish such unlawful acts, thereby encouraging the continuance of the

excessive use of force by refusing to address the problem in any meaningful way.

75.     On information and belief, the defendant CITY OF NEW YORK failed to

effectively screen, hire, train, supervise and discipline its correction officers and employees,

including the defendant correction officers and employees herein, for among other things:  to

screen, hire, train and supervise officers for their ability to respond to inmates with courtesy,

professionalism and respect; to discipline officers for their propensity to disregard constitutional

rights of inmates; and for their failure to protect inmates from unconstitutional conduct of other correction officers and employees, thereby permitting and allowing the defendant officers and employees herein to be in a position to maliciously and unreasonably use excessive force against plaintiff CELEDONIO and to otherwise cause his injury and violate his federal and state constitutional rights, and/or to permit these actions to take place.

76.     On information and belief, the defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its correction officers and employees, and failed to create proper means of containing such risk and managing such stress.  For example, the structure was deficient, at the time of selection of correction officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the Department of Corrections about the performance of individual correction officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the inmates at large.  The effect of this was to permit officers to function at levels of significant and substantial risk to the inmates in general.

77.     At all times material to this complaint, the defendant NEW YORK CITY, acting through New York City Department of Corrections, had in effect *de facto* policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct of defendants KOLENOVIC, DESTINE, "JOHN DOE," "JANE DOE 1" AND "JANE DOE 2."  These *de facto* policies, practices and customs include, *inter alia*:  the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control correction officers engaged in the excessive and unjustified use of force, and, the code of silence wherein correction officers

regularly cover-up officer use of excessive and unjustified force by telling false and incomplete stories, or by failing to report the use of excessive and unjustified force by officers.

78.     As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as correction officers and employees whose individual circumstances place inmates or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior.  Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to plaintiff CELEDONIO herein.

79.     These policies, practices and customs include, *inter alia*, the use unnecessary and excessive force in correction officer-inmate encounters in violation of plaintiff CELEDONIO's rights as stated above.

80.     As a result of the foregoing, plaintiff CELEDONIO sustained great physical injury, conscious pain and suffering, mental and emotional injuries and was otherwise harmed, damaged and injured.

### PENDENT STATE LAW CLAIMS

81.      Plaintiff CELEDONIO repeats, reiterates and realleges each and every allegation contained in paragraphs numbered [1 – 80] with the same force and effect as if fully set forth herein.

82.     On or about March 6, 2015 and within (90) days after the claim herein accrued, plaintiff CELEDONIO duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all the facts and information required under the General Municipal Law § 50 (e).

83.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make any adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

84.     Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and said Hearing was held on July 29, 2015.

85.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

86.     Plaintiff CELEDONIO has complied with all conditions precedent to maintaining the instant action.

87.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CAUSE OF ACTION UNDER NY STATE LAW
### ASSAULT
### (Defendant KOLENOVIC)

88.      Plaintiff CELEDONIO repeats, reiterates and realleges each and every allegation contained in paragraphs numbered [1 – 87] with the same force and effect as if fully set forth herein.

89.     Defendant KOLENOVIC's aforementioned actions placed plaintiff CELEDONIO in apprehension of imminent harmful and offensive bodily contact.

90.     As a result of Defendant KOLENOVIC's conduct, plaintiff CELEDONIO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CAUSE OF ACTION UNDER NY STATE LAW
### ASSAULT
### (Defendant DESTINE)

91.      Plaintiff CELEDONIO repeats, reiterates and realleges each and every allegation contained in paragraphs numbered [1 – 90] with the same force and effect as if fully set forth herein.

92.      Defendant DESTINE's aforementioned actions placed plaintiff CELEDONIO in apprehension of imminent harmful and offensive bodily contact.

93.      As a result of Defendant DESTINE's conduct, plaintiff CELEDONIO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**THIRD CAUSE OF ACTION UNDER NY STATE LAW**
**ASSAULT**
**(Defendant "JOHN DOE")**

94.      Plaintiff CELEDONIO repeats, reiterates and realleges each and every allegation contained in paragraphs numbered [1 – 93] with the same force and effect as if fully set forth herein.

95.      Defendant "JOHN DOE's" aforementioned actions placed plaintiff CELEDONIO in apprehension of imminent harmful and offensive bodily contact.

96.      As a result of Defendant "JOHN DOE's" conduct, plaintiff CELEDONIO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**FOURTH CAUSE OF ACTION UNDER NY STATE LAW**
**BATTERY**
**(Defendant KOLENOVIC)**

97.      Plaintiff CELEDONIO repeats, reiterates and realleges each and every allegation contained in paragraphs numbered [1 – 96] with the same force and effect as if fully set forth herein.

98.     Defendant KOLENOVIC touched plaintiff CELEDONIO in a harmful and offensive manner.

99.     Defendant KOLENOVIC did so without privilege or consent from plaintiff CELEDONIO.

100.    As a result of Defendant KOLENOVICs conduct, plaintiff CELEDONIO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

**FIFTH CAUSE OF ACTION UNDER NY STATE LAW**
**BATTERY**
**(Defendant DESTINE)**

101.    Plaintiff CELEDONIO repeats, reiterates and realleges each and every allegation contained in paragraphs numbered [1 – 100] with the same force and effect as if fully set forth herein.

102.    Defendant DESTINE touched plaintiff CELEDONIO in a harmful and offensive manner.

103.    Defendant DESTINE did so without privilege or consent from plaintiff CELEDONIO.

104.    As a result of Defendant DESTINE's conduct, plaintiff CELEDONIO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

**SIXTH CAUSE OF ACTION UNDER NY STATE LAW**
**BATTERY**
**(Defendant "JOHN DOE")**

105.    Plaintiff CELEDONIO repeats, reiterates and realleges each and every allegation contained in paragraphs numbered [1 – 104] with the same force and effect as if fully set forth herein.

106.    Defendant "JOHN DOE" touched plaintiff CELEDONIO in a harmful and offensive manner.

107.    Defendant "JOHN DOE" did so without privilege or consent from plaintiff CELEDONIO.

108.    As a result of Defendant "JOHN DOE's" conduct, plaintiff CELEDONIO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

**SEVENTH CAUSE OF ACTION UNDER NY STATE LAW**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Defendants KOLENOVIC, DESTINE, "JOHN DOE," "JANE DOE 1," "JANE DOE 2"**
**and THE CITY OF NEW YORK)**

109.    Plaintiff CELEDONIO repeats, reiterates and realleges each and every allegation contained in paragraphs numbered [1 – 108] with the same force and effect as if fully set forth herein.

110.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

111.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

112.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

113.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff CELEDONIO

114.    As a result of the aforementioned conduct, plaintiff CELEDONIO suffered severe emotional distress, and physical and mental injury, together with embarrassment, humiliation, shock and fright.

## EIGHTH CAUSE OF ACTION UNDER NY STATE LAW
### FALSE IMPRISONMENT
### Defendant KOLENOVIC

115.    Plaintiff CELEDONIO repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered [1 – 114] with the same force and effect as if fully set forth herein.

116.    As a result of the forgeoing, plaintiff CELEDONIO was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subject to physical restraint while plaintiff CELEDONIO was repeatedly kicked, punched, and maced by defendant KOLENOVIC.

117.    Plaintiff CELEDONIO was conscious of said confinement and did not consent to same.

118.    The confinement of plaintiff CELEDONIO was without legal justification or otherwise privileged.

119.    As a result of the aforesaid conduct, plaintiff CELEDONIO suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## NINTH CAUSE OF ACTION UNDER NY STATE LAW
### FALSE IMPRISONMENT
### Defendant DESTINE

120.    Plaintiff CELEDONIO repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered [1-119] with the same force and effect as if fully set forth herein.

121.    As a result of the forgeoing, plaintiff CELEDONIO was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subject to physical restraint while plaintiff CELEDONIO was repeatedly kicked and punched by defendant DESTINE.

122.    Plaintiff CELEDONIO was conscious of said confinement and did not consent to same.

123.    The confinement of plaintiff CELEDONIO was without legal justification or otherwise privileged.

124.    As a result of the aforesaid conduct, plaintiff CELEDONIO suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## TENTH CAUSE OF ACTION UNDER NY STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
### (Defendant THE CITY OF NEW YORK)

125.     Plaintiff CELEDONIO repeats, reiterates and realleges each and every allegation contained in paragraphs numbered [1 – 124] with the same force and effect as if fully set forth herein.

126.    Defendant THE CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Department of Corrections, including the defendants individually named above.

127.    Defendant THE CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Department of Corrections, including the defendants individually named above.

128.     Due to the negligence of the defendants as set forth above, plaintiff CELEDONIO

suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation,

shock and fright.


**WHEREFORE**, Plaintiff AMBIORIX CELEDONIO requests the following relief:

a.       Compensatory damages in an amount of two million dollars ($2,000,000);

b.       Punitive damages in an amount of two million dollars ($2,000,000);

c.       Reasonable attorneys fees and costs; and

d.       Such other and further relief as appears reasonable and just.


DATED:  New York, New York
            March 7, 2016


BY:    _____s/_____
          Christian B. Lassiter – CL1209
          The Law Offices of Christian
          B. Lassiter, Esquire P.L.L.C.
          1271 Avenue of the Americas
          Suite 4300
          New York, NY  10020